GEORGE CHANDLER COIT, trustee, *vs.* BALDWIN COOLIDGE & others.

Middlesex.    November 17, 1927.— January 6, 1928.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & SANDERSON, JJ.

*Trust,* Construction of trust instrument, Payment for comfortable support and care of beneficiary. *Devise and Legacy. Words,* "Expenses," "Further sums."

Under the provisions of a will, codicil and an agreement of compromise, a trustee was directed to pay an annuity of $500 to a nephew of the testator and, "If by reason of accident, sickness, misfortune, or old age, the said annuity shall be insufficient for the comfortable support and care of said" nephew, "then out of the income of the trust fund remaining after the payment of said annuity, taxes and water rates, and not otherwise in any case whatever, the trustee or trustees shall pay over to the annuitant for the time being such further sums as may be requisite to secure the comfortable support and care of" the nephew "during the continued operation of such causes. But notwithstanding anything herein or in said will or codicil contained, the said annuity, repairs, taxes, water rates and expenses may be paid in whole or in part out of the principal of said trust fund whenever the income shall prove insufficient for such payments." *Held,* that "expenses" in the last sentence did not include the "further sums," previously mentioned, which might be required for the nephew's "support and care"; and that no payments beyond the annuity should be made for his benefit from principal.

PETITION, filed in the Probate Court for the county of Middlesex on January 7, 1926, by the trustee under the will of Thomas Brewster Coolidge for instructions.

The material facts and a decree entered in the Probate Court by order of *Leggat,* J., are described in the opinion. Baldwin Coolidge appealed.

*G. C. Coit,* stated the case.

*C. F. Dutch,* for Baldwin Coolidge.

*A. H. Wellman,* (*S. H. Wellman* with him,) for the respondent charitable corporations.

SANDERSON, J.   This is a petition for instructions brought by the trustee under the will of Thomas B. Coolidge.   A will and codicil of the testator were offered for probate.   Objections to their allowance were made, and they were later allowed and an agreement of compromise was filed in court.   Under the will, codicil, and agreement, Baldwin Coolidge, a nephew of the testator, and Lucy Ann Coolidge, wife of Baldwin Coolidge, were beneficiaries for life, and four charitable societies were the only other beneficiaries.   Lucy Ann Coolidge is not living.   It is not disputed that the rights of the parties are to be determined by the provisions of the agreement of compromise.   Under the terms of the will, codicil, and agreement Baldwin Coolidge is entitled to an annuity of $500, and, under certain circumstances, to further payments, if needed, for his comfortable support.   The only matter now in controversy is the answer to the question: "Is the trustee authorized to make any payment to said Baldwin Coolidge from the principal of the trust fund other than the annuity, which by the terms of the agreement may be paid from the principal of the trust fund whenever the income shall prove insufficient?"   This question was answered in the negative by the Probate Court, and a decree entered in conformity with that answer.

Paragraph five of the third article of the agreement is in the following terms: "If by reason of accident, sickness, misfortune, or old age, the said annuity shall be insufficient for the comfortable support and care of said Baldwin Coolidge and Lucy Ann Coolidge, or either of them, then out of the income of the trust fund remaining after the payment of said annuity, taxes and water rates, and not otherwise in any case whatever, the trustee or trustees shall pay over to the annuitant for the time being such further sums as may be requisite to secure the comfortable support and care of said Baldwin Coolidge and Lucy Ann Coolidge or of the survivor of them during the continued operation of such causes.   But notwithstanding anything herein or in said will or codicil contained, the said annuity, repairs, taxes, water

rates and expenses may be paid in whole or in part out of the principal of said trust fund whenever the income shall prove insufficient for such payments."

It is alleged in the petition and admitted in the answers that by reason of sickness and old age an annuity of $500 is insufficient for the comfortable support and care of Baldwin Coolidge; that the income of the trust estate is more than sufficient to pay the annuity of $500, the taxes and water rates as required by the agreement; and that the trustee has been asked by Baldwin Coolidge to make payments in excess of the annuity of $500 both from principal and income. The contention made in behalf of Baldwin Coolidge is that the word "expenses" in the last sentence of the quoted paragraph refers to "further sums" which may be required for "support and care" as set forth in the previous part of the paragraph.

The reasonable construction of all the language would seem to indicate that as the annuity, repairs, taxes and water rates were to be paid from principal if the income were not sufficient to pay them, any expenses incidental to such payments might be made from principal; and that the word "expenses" does not refer to the phrase "further sums" which had gone before. This construction nullifies no part of the agreement and gives force and meaning to each part, while the construction for which the appellant contends would give no meaning to the words "and not otherwise in any case whatever."

*Decree affirmed.*